UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SHAMEER HUSSIAN,

        Plaintiff,

  - against -

U.S. BANK NATIONAL ASSOCIATION; RAS
BORISKIN, LLC,

        Defendants.
-------------------------------------------------------------X

**MEMORANDUM AND ORDER**
18-CV-3250 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

On June 1, 2018, plaintiff Shameer Hussian, a resident of Ozone Park, New York, filed this *pro se* action invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332, seeking an emergency temporary restraining order and/or a preliminary injunction "to urgently and immediately enjoin and restrain defendants" from foreclosing on and selling his real property located in Ozone Park, New York. Hussian has paid the required filing fee to bring this action. Because Hussian has neither demonstrated a likelihood of success on the merits, nor made a showing of immediate or irreparable harm, his request for an emergency preliminary injunction or temporary restraining order is denied. For the reasons discussed below, Hussian is granted 30 days from the date of this Order to file an amended complaint.

## BACKGROUND

Shameer Hussian, who resides in Ozone Park, New York, brings this action against U.S. Bank National Association ("U.S. Bank"), located in Cincinnati, Ohio, and RAS Boriskin, LLC ("RAS"), located in Westbury, New York. Hussian seeks injunctive relief "to prevent the

foreclosure/sale of Shameer Hussian's property," located at 103-48 96th Street, Ozone Park, New York. (Compl. (Doc. No. 1) at 7.)

## STANDARD OF REVIEW

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

## DISCUSSION

### I. Lack of Subject Matter Jurisdiction

Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont*, 565 F.3d 56, 62–63 (2d Cir. 2009).

The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331, or where there is complete diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Moore v. Angiuli & Gentile, LLP*, No. 12-CV-2966 (DLI) (LB), 2012 WL 3288747, at *2 (E.D.N.Y. Aug. 9, 2012). Here, Hussian alleges diversity jurisdiction, but complete diversity does not exist between the parties as Hussian and RAS are residents of New York, and thus appear to be citizens of the same state. Accordingly, the Court lacks diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is not complete diversity between the parties. *See Handelsman v. Bedford Vill. Assocs.*, 213 F.3d 48, 51 (2d Cir. 2000) ("Diversity jurisdiction requires that all of the adverse parties in a suit . . . be completely diverse with regard to citizenship.")

Hussian's complaint also fails to establish federal question jurisdiction pursuant to 28 U.S.C. § 1331. "A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513 (citing *Bell v. Hood*, 327 U.S. 678, 681–85 (1946)). Hussian alleges federal question jurisdiction pursuant to 42 U.S.C. § 1983. However, Section 1983 requires that "the conduct complained of must have been committed by a person acting under color of state law" and "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Section 1983 imposes liability for constitutional deprivations caused by state actors, and cannot be applied to the actions of private individuals or private organizations. As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*,

526 U.S. 40, 50 (1999) (quotations omitted). Here, none of the named defendants are alleged to be state actors or to be acting "under color of state law."

## II. Pending Proceedings

To the extent Hussian is challenging any pending foreclosure action in state court, his claims for injunctive relief must be dismissed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Pursuant to the *Younger* doctrine, federal courts must abstain from hearing matters "where federal review would disrupt state proceedings that: (1) are pending; (2) implicate important state interests; and (3) provide the plaintiffs an adequate opportunity to litigate federal claims." *Fraser v. Aames Funding Corp.*, No. 16-CV-448 (AMD) (LB), 2017 WL 564727, at *3 (E.D.N.Y. Jan. 24, 2017), report and recommendation adopted *sub nom. Fraser v. Deutsche Bank Nat'l Tr. Co.*, No. 16-CV-448 (AMD) (LB), 2017 WL 563972 (E.D.N.Y. Feb. 10, 2017); *see also Hansel v. Town Ct. for Town of Springfield*, 56 F.3d 391, 393 (2d Cir. 1995).

In *Sprint Commc'ns, Inc. v. Jacobs*, the Supreme Court limited the scope of the *Younger* abstention doctrine to three classes of state court proceedings: (1) "state criminal prosecutions;" (2) "civil enforcement proceedings;" and (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." 134 S. Ct. 584, 588, 591 (2013). "The *Younger* requirements are more than adequately satisfied when mortgage foreclosure proceedings, which concern the disposition of real property and hence implicate important state interests, are pending in state court, and there is no reason to doubt that the state proceedings provide the would-be federal plaintiff with an adequate forum to make the arguments he seeks to raise in federal court." *LaTouche v. Wells Fargo Home*, No. 16-CV-1175 (ERK) (RLM), 2017 WL 8776975, at *5 (Aug. 25, 2017) (internal quotations and alterations omitted). *See also Wenegieme v. U.S. Bank Nat'l Assoc.*, No. 16-CV-2634 (AMD), 2016 WL 3348539, at *2

4

(E.D.N.Y. June 9, 2016) (finding *Younger* abstention doctrine applicable where plaintiff sought "injunctive relief relating to the same property that is the subject of [an] underlying state court action"). Here, it appears that Hussian is seeking injunctive relief that will directly interfere with any ongoing state court foreclosure proceedings. Thus, his claims for injunctive relief are barred by the *Younger* abstention doctrine.

### III. Judgment of Foreclosure

To the extent Hussian seeks to have the Court intervene in his dispute with defendants regarding a judgment of foreclosure of his property, the Court is also without jurisdiction to grant Hussian the relief he seeks. It is well settled that judgments of foreclosure are fundamentally matters of state law. *See, e.g.*, *Worthy-Pugh v. Deutsche Bank Nat'l Trust*, 664 F. App'x 20, 21 (2d Cir. 2016) (summary order) (a district court lacks jurisdiction to invalidate a foreclosure judgment); *Garvin v. Bank of N.Y.,* 227 F. App'x 7, 8 (2d Cir. 2007) (summary order) (same); *see also Hung v. Hurwitz*, No. 17-CV-4140 (WFK), 2017 WL 3769223 at *2 (E.D.N.Y. Aug. 29, 2017) ("to the extent plaintiff seeks to have the Court intervene in his dispute with defendants regarding any foreclosure, the Court is without jurisdiction to grant plaintiff the relief he seeks"); *Modica v. E. Sav. Bank*, No. 14-CV-1384 (KAM), 2014 WL 1775553, at *2 (E.D.N.Y. May 2, 2014) (federal court lacks jurisdiction over judgments of foreclosure, as they are "fundamentally matters of state law") (internal citation omitted); *Dockery v. Cullen & Dykman*, 90 F. Supp. 2d 233 (E.D.N.Y. Mar. 30, 2000) (federal court lacks jurisdiction over claim that foreclosure was obtained by fraud).

## CONCLUSION

Accordingly, because Hussian has neither demonstrated a likelihood of success on the merits, nor made a showing of immediate or irreparable harm, his request for a preliminary injunction or a temporary restraining order is denied. In light of its duty to liberally construe *pro se* complaints, the Court grants Hussian 30 days' leave to file an amended complaint. *See Pearson v. Reid-Robinson*, 632 F. App'x 19, 19 (2d Cir. 2016) (holding that courts should allow "plaintiffs to amend complaints to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship") (internal quotation marks omitted) (citing *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987)).

Hussian is advised that the amended complaint will completely replace the original complaint, must be captioned, "Amended Complaint," and must bear the same docket number as this Memorandum and Order. If Hussian intends to invoke the Court's diversity jurisdiction over this action, he must establish complete diversity of citizenship among himself and each defendant named in the amended complaint, meaning that no defendant can be a citizen of the same state as Hussian. Hussian should also state the status of his state court foreclosure proceedings related to his property and attach relevant documents, if available.

If Hussian fails to file an amended complaint within the time allowed, or if the amended complaint fails to cure the deficiencies discussed herein, an order shall issue dismissing this action without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). Although Hussian paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to the pro se plaintiff by overnight mail, and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
June 7, 2018

*Roslynn R. Mauskopf*

ROSLYNN R. MAUSKOPF
United States District Judge