```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SHAMEER HUSSIAN,

                        Plaintiff,                              ORDER
                                                                18-CV-3250 (RRM) (LB)
        -against-

U.S. BANK NATIONAL ASSOCIATION; RAS
BORISKIN, LLC,

                        Defendants.
----------------------------------------------------------------x
```
ROSLYNN R. MAUSKOPF, United States District Judge.

On June 1, 2018, plaintiff Shameer Hussian, a resident of New York, filed this fee-paid, *pro se* action against defendants U.S. Bank National Association ("U.S. Bank") and RAS Boriskin, LLC ("RAS"), principally seeking "to urgently and immediately enjoin and restrain defendants" from foreclosing on and selling his real property. Hussian's original complaint expressly invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332 and implied that this Court had federal question jurisdiction by alleging a cause of action under 42 U.S.C. § 1983.

In a memorandum and order dated June 7, 2018, the Court denied Hussian's request for preliminary injunctive relief and raised, *sua sponte*, the issue of whether the Court has subject matter jurisdiction over this action. The Court noted that there was "not complete diversity between the parties" and that Hussian could not state a claim under 42 U.S.C. § 1983 because neither of the named defendants were "alleged to be state actors or to be acting 'under color of state law.'" (Mem. & Order dated June 7, 2018 (Doc. No. 4) at 4.) The Court granted Hussian 30 days' leave to file an amended complaint but warned: "if the amended complaint fails to cure the deficiencies discussed herein, an order shall issue dismissing this action without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3)." (*Id.* at 6.)

On July 10, 2018, Hussian timely filed an amended complaint, which named the same two defendants as the original. The amended pleading did not allege diversity jurisdiction but specifically invoked jurisdiction under 42 U.S.C. § 1983 and nine federal criminal statutes: 18 U.S.C. §§ 241, 242, 480, 872, 873, 876, 880, 1001, and 1957. Like the original complaint, the amended complaint failed to allege facts to suggest that either of the defendants is a state actor. In a memorandum and order dated April 4, 2019, the Court granted plaintiff an additional 30 days' leave to file a second amended complaint for the sole purpose of permitting him to attempt to state a claim under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g). (Mem. & Order dated Apr. 4, 2019 (Doc. No. 8) at 5–6.)

To date, Hussian has not filed a second amended complaint. Accordingly, the action is dismissed with prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Clerk of Court is directed to enter judgment in accordance with this Order, mail a copy of that judgment and this Order to plaintiff, note that mailing on the docket sheet, and close this case. Although plaintiff paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any *in forma pauperis* appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      November 20, 2019

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge